**FILED**

SEP - 1 2004

**LARRY W. PROPES, CLERK**
**FLORENCE, SC**

IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

FLORENCE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CIVIL ACTION NO. 4:04-22094-27 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | COMPLAINT |
| ARTHUR LARRY FREEMAN, JR., | ) | |
| Individually and As | ) | |
| Personal Representative of | ) | |
| the Estate of ERNESTINE | ) | |
| BONILLA; KHRISTEN DION | ) | |
| FREEMAN and QUINTELL | ) | |
| FREEMAN, Heirs-at-Law and | ) | |
| Devisees Under the Last | ) | |
| Will and Testament of | ) | |
| ERNESTINE BONILLA, | ) | |
| Deceased, THE BELK CENTER, | ) | |
| HORRY COUNTY EMERGENCY | ) | |
| MEDICAL SERVICE, CITICORP | ) | |
| CREDIT SERVICES INC., and | ) | |
| CONWAY HOSPITAL, INC., | ) | |
| | ) | |
| Defendants. | ) | |

This is a civil action commenced by the United States of America to foreclose a Real Estate Mortgage on property situate in the District of South Carolina; and the Court has the jurisdiction of this action by virtue of the provisions of 28 U.S.C. §1345.

FOR A FIRST CAUSE OF ACTION

1. The Farmers Home Administration, n/k/a Rural Development, United States Department of Agriculture, is an agency of the United States of America, and at all times hereinafter mentioned, it acted for and on behalf of the

Plaintiff, and the United States of America is the real party in interest in this action.

2.   The real estate which is the subject of this action is situate in the State of South Carolina and in the County set forth in paragraph 4 of this complaint.

3.   On July 20, 1984, Inez Bryant and Ernestine Bonilla, for valuable consideration, made, executed and delivered unto the United States of America, acting through the Farmers Home Administration, n/k/a Rural Development, United States Department of Agriculture, a certain Promissory Note in writing and under seal wherein and whereby they promised to pay to the order of the United States of America, through the aforesaid agency, the principal sum of $36,500.00, with interest thereon from such date on the unpaid principal balance at the rate of Eleven and seven-eighths percent (11 7/8%) per annum, payable in installments of principal and interest as follows:  The first installment due and payable in the sum of $370.00 on November 20, 1984, and 395 equal and successive installments in the sum of $370.00 each, monthly thereafter until the principal and interest are fully paid.  This loan is subject to interest credit recapture as is evidenced by a Subsidy Repayment Agreement.

4.   Contemporaneously with the execution of the aforesaid Note, on the same date thereof, and in order to secure the payment of the same, Inez Bryant and Ernestine Bonilla made, executed, and delivered unto the United States of America, acting through the Farmers Home Administration, n/k/a Rural Development,

United States Department of Agriculture, and its assigns, a Real
Estate Mortgage conveying unto the United States of America, by
way of Mortgage, the following described real estate situate in
the State of South Carolina and County of Horry:

> ALL AND SINGULAR all that certain piece, parcel or lot
> of land, with improvements thereon, situate, lying and
> being in Conway Township, County of Horry and State of
> South Carolina, as shown on that map made for Ernestine
> Bonilla on May 10, 1984, as made by Terry M. Watson,
> R.L.S., and being further described as follows:
> Beginning at iron in the southern margin of Spivey
> Alley and running S 4°28'22"E for a distance of 193.54
> feet to stake corner; thence turning and running S
> 86°46'14"W for a distance of 100.57 feet to a stake
> corner; thence turning and running N 4°09'W for a
> distance of 180.28 feet to a stake in the margin of
> Spivey Alley; thence turning and running along the
> southern margin of Spivey Alley N 79°10'E for a
> distance of 100.09 feet and to the point of beginning.
>
> Tax Map #137-05-12-005.
>
> This being a part of deed in Deed Book E-4, at Page
> 317, recorded on November 24, 1924; also includes the
> land of Inez Bryant to Ernestine Bonilla by deed dated
> November 26, 1980 and recorded December 3, 1980 in the
> office of the Clerk of Court/RMC for Horry County,
> South Carolina, in Deed Book 694 at Page 901.  This
> being the identical property conveyed to Ernestine
> Bonilla (Banilla) by deed of Inez Bryant dated April
> 13, 1984 and recorded July 20, 1984 in the office of
> the Clerk of Court/RMC for Horry County, South
> Carolina, in Deed Book 885 at Page 634.  Horry County
> Probate record #2000ES2600974 reflects that Ernestine
> Bonilla died testate August 5, 2000 vesting title in
> her son Arthur Larry Freeman, Jr., her grandchild
> Khristen Dion Freeman and her great grandchild Quintell
> Freeman.

    5.  The aforesaid Mortgage was filed for record and
recorded in the office of the Clerk of Court/R.M.C. for Horry
County, South Carolina, on July 20, 1984, in Real Estate Mortgage
Book 942 at Page 106.

3

6.    The Promissory Note described above provides that the consideration therefor shall support any agreement modifying the foregoing schedule of payments.  Each payment made on any indebtedness evidenced by this Note shall be applied first to interest computed to the effective date of the payment and then to principal.  The Note further provides for acceleration of the entire principal sum and accrued interest to become at once due and payable without notice at the option of the holder of the said Note, in the event of any default under the terms and provisions of the Note.

7.    The Real Estate Mortgage described above provides that if there is a default in any of its terms, conditions, or covenants, or of the Note secured thereby, then all sums then owing thereunder shall become immediately due and payable, and the Mortgage may be foreclosed.

8.    The plaintiff, acting by and through its aforesaid agency, is the owner and holder of the Note and Mortgage herein described.

9.    The Note and Mortgage are in default because (1) payments have not been made thereunder when due and the account has not been reinstated, although due demand for payment has been made by the plaintiff; and (2) property taxes are delinquent. The plaintiff has elected and does hereby elect to declare the entire amount due upon the aforesaid Note and mortgage to be payable immediately, together with all advances made thereunder for taxes, insurance premiums, and all sums advanced in

4

connection with the Mortgage and mortgaged premises under the terms of the loan instruments and applicable regulations. There is due to Plaintiff, under the aforesaid Note and Mortgage as of January 13, 2004, $76,053.56, which amount includes principal and interest, $886.70 in taxes, as well as other advances, and Plaintiff is entitled to daily interest accrual from the above-stated date at the rate of $4.9814 per day. This loan is subject to interest credit recapture as evidenced by the Subsidy Repayment Agreement. During the life of the loan, Ernestine Bonilla received a subsidy in the amount of $57,524.91, which amount is included in the above total debt.

10.  Pursuant to Rule 9(c), Federal Rules of Civil Procedure, any and all loan servicing actions required by applicable statutes and regulations which may be conditions precedent to proceeding with this foreclosure have been performed or have occurred.

11.  The plaintiff does not seek a deficiency judgment in this action.

12.  On information and belief Ernestine Bonilla, died testate on August 5, 2000, leaving the defendants, Arthur Larry Freeman, Jr., Khristen Dion Freeman and Quintell Freeman as heirs-at-law and Devisees under her Last Will and Testament.

13.  The defendant, The Belk Center, is made a party to this action by virtue of a claim dated October 9, 2000 and recorded October 20, 2000 in Horry County Probate Court, in the

amount of $102.76. This claim is subordinate to the mortgage of the plaintiff.

14. The defendant, Horry County Emergency Medical Service, is made a party to this action by virtue of a claim dated October 4, 2000 and recorded in Horry County Probate Court, in the amount of $487.50. This claim is subordinate to the mortgage of the plaintiff.

15. The defendant, Citicorp Credit Services Inc., is made a party to this action by virtue of a claim dated October 10, 2000 and recorded October 17, 2000 in Horry County Probate Court, in the amount of $1,393.17. This claim is subordinate to the mortgage of the plaintiff.

16. The defendant, Conway Hospital, Inc., is made a party to this action by virtue of a claim dated December 20, 2000 and recorded in Horry County Probate Court, in the amount of $928.58. This claim is subordinate to the mortgage of the plaintiff.

### FOR A SECOND CAUSE OF ACTION

Upon foreclosure and sale of the property hereinabove described, in order that the purchaser at said sale may duly acquire peaceful possession of the property, the Court is respectfully requested to include in its Decree of Foreclosure and Sale the following proviso, to wit:

> After the sale of the premises, and as soon as the sale by the United States Marshal is complete, and has been approved by the Court, the mortgagor(s), or person(s) in possession, shall within fifteen days of the date of approval by the Court, move from the premises, and give up the premises, without damage or vandalism. Upon

6

failure of any mortgagor(s) or person(s) to vacate the premises within fifteen days of the date of approval by the Court, the United States Marshal is authorized, empowered and directed to enter upon the premises, and evict the parties therefrom, unless prior to such date, the mortgagor(s) or person(s) in possession has obtained from the Court an Order extending the time which said mortgagor(s) or person(s) shall have to vacate said premises. The United States Marshal (or deputy) is also authorized to remove from the premises any furniture or other possessions of the mortgagor(s) or person(s) in possession, and any interference with the activities of the Marshal will be upon pain of contempt of Court.

WHEREFORE, the plaintiff prays:

(1)   The amount due upon the aforesaid Note and Mortgage be ascertained and determined by the Court;

(2)   The plaintiff's Mortgage be declared a first lien on the mortgaged premises and Plaintiff have judgment of foreclosure for the amount found to be due and owing, together with all costs and expenses of this action and of the sale of the property, and that all right, title, interest and equity of redemption of the defendants and of any person holding by, through, or under them be forever barred in and to the mortgaged premises;

(3)   The property herein described be sold at public outcry free and clear of all liens, except the liens of ad valorem taxes, if any, and that the proceeds of sale be applied as follows:

First, to the costs and expenses of this action and sale of the property as decreed by the Court;

Second, to the payment and discharge of the amount due on the plaintiff's note and mortgage;

Third, the surplus, if any, be distributed according to law.

7

(4)   That the further relief sought by Plaintiff in its Second Cause of Action be granted; and

(5)   For such other and further relief as the Court may deem just and proper.

J. STROM THURMOND, JR.
United States Attorney

BY: _____
ROBERT F. DALEY, JR. (ID #6460)
Assistant United States Attorney
Attorneys for Plaintiff
1441 Main Street, Suite 500
Columbia, South Carolina 29201
(803) 929-3000

Columbia, South Carolina

_____, 2004

8