FILED
DEC 16 2004
LARRY W. PROPES, CLERK
FLORENCE, SC

IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

FLORENCE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CIVIL ACTION NO. 4:04-22094-27 |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | MEMORANDUM IN SUPPORT OF |
| ) | MOTION FOR SUMMARY JUDGMENT |
| ARTHUR LARRY FREEMAN, JR., ) | |
| Individually and As ) | |
| Personal Representative of ) | |
| the Estate of ERNESTINE ) | |
| BONILLA; KHRISTEN DION ) | |
| FREEMAN and QUINTELL ) | |
| FREEMAN, Heirs-at-Law and ) | |
| Devisees Under the Last ) | |
| Will and Testament of ) | |
| ERNESTINE BONILLA, ) | |
| Deceased, THE BELK CENTER ) | |
| and CITICORP CREDIT ) | |
| SERVICES, INC., ) | |
| ) | |
| Defendants. ) | |

This is an action for foreclosure on real property. Ronald R. Hall, Esquire, answered Plaintiff's Complaint on behalf of minor defendant Quintell Freeman and generally denied the allegations of the Complaint. The estate of Ernestine Bonilla, is in default in regard to the mortgaged property.

Plaintiff, now, moves for summary judgment.

The estate of Ernestine Bonilla, is in default under the terms of the note and mortgage which are the subject of this action. Payments have not been made thereunder when due, and according to the Affidavit of Jobi C. Williams, Farmers Home Administration, n/k/a Rural Development, Manager for Horry

County, South Carolina, as of November 17, 2004 there is due plaintiff the amount of $78,292.58, which amount includes principal, interest, $886.70 in taxes, as well as other advances, and plaintiff is entitled to daily interest accrual from above date in the amount of $5.3749 per day.  This loan is subject to interest credit recapture as evidenced by the Subsidy Repayment Agreement.  During the life of the loan, Ernestine Bonilla received a subsidy in the amount of $57,524.91, which amount is included in the above total debt.

Notices of Acceleration have been mailed, and demand has been made upon the estate and defendant Arthur Larry Freeman, Jr. for payment of the amount due without success.

There being no genuine issue as to any material fact, the plaintiff is entitled to summary judgment, including foreclosure of its mortgage, as a matter of law.

### SUMMARY JUDGMENT

Rule 56(c) of the Federal Rules of Civil Procedure sets the standard to determine whether a summary judgment should be granted.  It provides in pertinent part:

> A judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

2

The moving party is entitled to judgment as a matter of law if the non-moving party fails to make a sufficient showing on an essential element of its case. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322-23 (1986). If the moving party has carried its burden of establishing the absence of genuine issues of material fact, the non-moving party "may not rest upon mere allegations or denials" of its pleading, Fed. R. Civ. P. 56(e), but must produce sufficient evidence to reasonably support a jury verdict in its favor. <u>Anderson, et al. v. Liberty Lobby, Inc., et al.</u>, 477 U.S. 242, 252, 261 (1986).

> [The non-moving party] 'must do more than simply show that there is some metaphysical doubt as to the material facts.' 'The mere existence of a scintilla of evidence in support of [the non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for [the non-moving party].'

<u>Catawba Indian Tribe v. South Carolina</u>, 978 F.2d 1334, 1339 (4th Cir. 1992). See also <u>Ross v. Communications Satellite Corp.</u>, 759 F.2d 355, 364 (4th Cir. 1985).

The exhibits which are attached and incorporated into the plaintiff's Motion for Summary Judgment and Memorandum of Law in Support of Motion for Summary Judgment by reference are <u>prima facie</u> evidence as to the material facts alleged in the plaintiff's complaint. The burden now shifts to the defendant to set forth sufficient facts which would be admissible in evidence

3

to dispute the facts contained in the plaintiff's documentary evidence and to raise genuine issues of fact that will prevent the entry of summary judgment for the plaintiff.

If the defendant is unable to produce evidence sufficient to raise genuine issues of material fact as to the plaintiff's factual allegations which are supported by the plaintiff's exhibits, the plaintiff is entitled to summary judgment as a matter of law.  In order to prevent summary judgment from being entered for the plaintiff in the instant case, the minor defendant Quintell Freeman will have to produce some evidence to support any denials in her answer and to raise genuine issues of material facts.

J. STROM THURMOND, JR.
United States Attorney

BY: _____
ROBERT F. DALEY, JR. (ID #6460)
Assistant United States Attorney

Columbia, South Carolina
December 15, 2004